MICHAEL CHRISTMAN *vs.* MARY COLBERT and others.

July 8, 1885.

**Mistake in Description—Reformation of Deeds and Mortgage—Devise of Land by Erroneous Description.**—John Christman, being owner of an 80-acre tract of land, conveyed the same in trust for his own benefit to H., and he and H., acting together, sold the west 40 thereof to Patrick Colbert, but, by mutual mistake of all parties, the deed to the latter misdescribed the land sold, and intended to be conveyed, as the *east* 40. Thereafter, H. undertook to reconvey to Jacob Christman the east 40, but, by mutual mistake, the deed misdescribed the land intended to be reconveyed as the *west* 40. A mortgage at the same time executed by Jacob Christman to H. contained a like mistaken misdescription. After the execution of the deeds and mortgage, Jacob Christman died, having, by his will, made after such execution, and which has been duly probated, in form devised the *west* 40 to his son, the plaintiff. So Patrick Colbert died after the execution of the deeds and mortgage, having, by his will made after such execution, and which has been duly probated, in form devised the *east* 40 to his son, defendant John Colbert. *Held* that, upon

this state of facts, all the parties in interest being parties to this action, the trial court properly decreed a reformation of the deeds and mortgage so as to conform to the intention of the parties thereto, and that the effect of this decree is not to *vary the terms* of the wills.

**Same—Reformation as against Wife as Party to Deed.**—H.'s wife having joined in the deed to Patrick Colbert, and the deed of reconveyance to Jacob Christman, *held* that, as respects her, (though a *feme covert*,) those deeds are properly reformed.

Appeal by defendant John Colbert from a judgment of the district court for Carver county, *Macdonald*, J., presiding.

*S. & O. Kipp*, for appellant.

*Robinson & Bartleson*, for respondent.

BERRY, J.   Jacob Christman, being owner of an 80-acre tract of land in our county of Carver, conveyed the same upon a trust for his own benefit to Holmes.   Subsequently, Christman and Holmes, acting together, sold the *west* 40 thereof to Patrick Colbert, but through mutual mistake of all parties the deed of conveyance to Colbert misdescribed the land sold and intended to be conveyed as the *east* 40. Thereafter, Holmes undertook to reconvey to Christman the *east* 40, but by mutual mistake the deed of conveyance misdescribed the land intended to be reconveyed as the *west* 40.   A mortgage at the same time executed by Christman to Holmes contained a like mistaken misdescription.   The mistakes above mentioned were clearly established by ample evidence of the declarations and conduct of the parties.   Upon this state of facts the trial court very properly, and in the exercise of a familiar equitable jurisdiction, decreed a reformation of the two deeds and the mortgage so as to conform the same to the intention of the parties.   As to the propriety of this adjudication there appears to be no controversy, except such as arises out of the following additional facts:

This action is brought by Michael Christman, as plaintiff, who is a son and heir of Jacob Christman, against the following defendants, viz.:   The widow and heirs of Patrick Colbert, including John Colbert, the heirs of Jacob Christman other than the plaintiff, and Holmes and his wife.   After the execution of the deeds and mortgage spoken of, Jacob Christman died, having by his will, made after such execu-

tion, in form devised the *west* 40 before mentioned to the plaintiff, and his will was duly admitted to probate in Carver county. So Patrick Colbert also died after the execution of the deeds and mortgage, and by his will, also made after such execution, in form devised to defendant John Colbert, (his son,) the *east* 40 before mentioned, and this will was also duly admitted to probate in said county.

With reference to these facts, defendant John Colbert, who alone appears and answers, contends that the effect of the decree of reformation is to reform the two wills by varying their *terms*, contrary to the established rule on this subject, and in disregard of the statute of frauds. 1 Story, Eq. Jur. § 179; *Sherwood* v. *Sherwood*, 45 Wis. 357. But this view of the effect of the decree of reformation is entirely erroneous. The decree does not touch the wills in any way. They still stand as the last wills of the respective testators, and their probate is simply an adjudication that they are such wills, and not that they pass title to the lands assumed to be devised by them. *Greenwood* v. *Murray*, 26 Minn. 259.

While the decree of reformation may render the devises inoperative as determining that the devisors had no title to the lands which they assumed to devise, this does not in any way change the terms of the wills, nor affect their probate. As all persons interested in the lands involved, and in the conveyances mentioned, are made parties to this action, the effect of the reformation is to place all exactly where they ought to be placed, and we are therefore unable to see why there is any violation of the maxim invoked by appellant, that he who seeks equity should do equity.

With reference to the point that the wife of Holmes joined in the deed to Colbert, and that a married woman's deed cannot be reformed, we have to say, if it ever was a rule of law in this state that the deed of a married woman could not be reformed, it must be regarded as abrogated by our statutes, by which married women are, with comparatively unimportant exceptions, put upon the footing of *femes sole* as respects property and capacity to contract.

Judgment affirmed.