CARRIE C. EGGLESTON v. WILLIAM R. MERRIAM and Others.[1]

May 3, 1901.

Nos. 12,514—(101).

**Will—Demonstrative Legacy.**

The bequest in the will of John L. Merriam for the benefit of his sister Mrs. Eggleston, contained in the second paragraph of that instrument, is so similar in material and essential respects to the provision for his wife, construed in Merriam v. Merriam, 80 Minn. 254, that such decision controls and rules this case.

**Merriam v. Merriam Followed.**

Upon further examination 'of the decision in Merriam v. Merriam, supra, the authority of that case is affirmed, to the effect that the bequest therein for plaintiff in paragraph 2 of the will is a demonstrative, and not a specific, legacy; and *held*, following that case, that testator's sister is entitled, under the will, to a net annual income from his estate of $600 during life.

Action in the district court for Ramsey county by plaintiff, a beneficiary under the will of John L. Merriam, deceased, to obtain a construction of the will. The case was tried before Brill, J., who made findings of fact and as conclusions of law determined the construction of the will. From an order denying a motion for a new trial, plaintiff appealed. Reversed.

*William G. White*, for appellant.

The legacy to appellant was "demonstrative," not specific. Merriam v. Merriam, 80 Minn. 254; 3 Pomeroy, Eq. Jur. (2d Ed.)

[1] Reported in 85 N. W. 937, 86 N. W. 444.

§ 1133; Merritt v. Merritt, 43 N. J. Eq. 11; Additon v. Smith, 83 Me. 551; Boomhower v. Babbitt, 67 Vt. 327; Smith v. Fellows, 131 Mass. 20; Morriss v. Garlands Admrs., 78 Va. 215; Pierrepont v. Edwards, 25 N. Y. 128; Moore v. Alden, 80 Me. 301; Davies v. Wattier, 1 Sim. & S. 463; May v. Bennett, 1 Russ. 370; Kendall v. Russell, 3 Sim. 424; Johnson v. Conover, 54 N. J. Eq. 333; Mytton v. Mytton, L. R. 19 Eq. Cas. 30; 1 Underhill, Wills, 565, 566. Where the residuary bequest is made "subject to the payment of," or "after the payment of" an annuity, it will be presumed that the corpus of the estate is to be applied to the payment of the annuity. 2 Underhill, Wills, 1088; Nash v. Taylor, 83 Ind. 347; Justice v. Justice (N. J. Eq.) 20 Atl. 208; Curran v. Green, 18 R. I. 329.

*How & Taylor*, for respondents.

The payment provided to be made to appellant was not annuity properly so called, nor was it made an annuity by the testator so terming it. Grinnell v. Baker, 17 R. I. 41; Baker v. Baker, 6 H. L. Cas. 616; In re Mason, 8 Ch. Div. 411.

LOVELY, J.

Under the issues in this action, a construction of the second paragraph of the will of the late John L. Merriam, providing for bequests to his executors, as trustees, of such "an amount of securities as will produce a net annual income" of $600 per year for the plaintiff, who was the sister of the testator, is required. The fourth paragraph of this same instrument, providing an annual income of $8,000 from a fund to be set apart from the estate of deceased, was construed by this court in Merriam v. Merriam, 80 Minn. 254, 83 N. W. 162. The second paragraph of the will is referred to in the opinion in that case, but, while in many respects similar, was not distinctly passed upon. In the provision for his sister (Mrs. Carrie C. Eggleston), as well as for Mrs. Merriam, securities were to be selected by the executors, and held in trust to produce an annual income for the beneficiary. In the case of Mrs. Eggleston securities were selected, but, as in the case of Mrs. Merriam, have materially diminished in value, and the question before the trial court in this case, as on the appeal in Mer-

riam v. Merriam, is whether the selection of such securities by the executors was absolute, and must be considered a changeless fund. The trial court in this case held that the securities which were selected for Mrs. Eggleston constituted the sole fund from which an annual income is to be derived for her, and made findings to that effect. After denial of a motion for a new trial, the determination of the court below is brought here by the plaintiff for review.

It was conceded on the argument of this appeal, as well as in the brief of respondents' counsel, that the construction of the fourth paragraph of the will for the benefit of Mrs. Merriam (Merriam v. Merriam, supra) was correct, but that the paragraph of the will for the benefit of Mrs. Eggleston, and the fourth paragraph, which was passed upon in that case, are distinguishable; that, while the court was justified in its conclusion that the provision for the benefit of the testator's widow was a demonstrative legacy, the peculiar phraseology of the legacy for Mrs. Eggleston was so different in material respects that the authority of the previous decision does not affect the construction of the bequest for her, which was a specific legacy; hence the inquiry whether Merriam v. Merriam, supra, controls the decision in this case is an important question on this review. For the purpose of comparison, it is best to quote both paragraphs, so far as applicable: The second paragraph of the will has the following provision:

"Second. I give and bequeath unto my executors, as trustees, and unto their successors as such, such an amount of my interest-bearing securities as will produce a net annual income of seven hundred dollars ($700) per year, which said securities they shall set apart, hold, and reinvest as such trustees; and out of which said net annual income they shall pay over to my sister Mrs. C. C. Eggleston, wife of R. D. Eggleston, of St. Paul, Minnesota, the sum of six hundred dollars ($600) per year, for and during her natural life, from the date of my death. * * * And as and when the said Mrs. C. C. Eggleston * * * shall have deceased, * * * so much of the said securities as shall have been so held in trust to provide the said annuity for such deceased shall be forthwith released and discharged from such trust, and the same, with any net accumulations thereof, shall thereupon become a part and parcel of the rest and residue of my estate, to be disposed of under the succeeding provisions of this will."

The material part of the fourth paragraph of the will is as follows:

"My executors shall set apart from or provide out of my estate such interest or dividend-bearing securities as shall be sufficient to produce a certain annual net income of at least eight thousand dollars ($8,000) per year, and which said net income they shall collect and pay over to my said wife therefrom the sum of eight thousand dollars ($8,000) per year, in quarterly instalments, for and during her natural life, for her own absolute use and disposal."

It was also conceded, as was necessary under the authority of the previous decision, that if the bequest to Mrs. Eggleston was a demonstrative legacy, upon the diminution of the producing capacity of the securities set apart for her income below the sum of $600 per year she might have further securities set apart, or enough of the principal fund selected by the executors applied to insure her the annual amount of $600 during life; so that it becomes important to ascertain what material difference exists between the substantial features of the bequest to the sister and that to the wife.

The conditions which controlled the view of this court, as expressed in the opinion in the former case, were that the provision of the testator for an annual income of a certain sum to be paid during life, in view of all other provisions of the will, indicated a primary intent to secure that sum to the legatee. In this respect we are unable to discover any practical distinction between the two legacies. Some stress in construing the fourth paragraph was placed upon the use of the words, "sufficient to produce a certain annual net income"; in the provision for Mrs. Eggleston, the language is, "such securities as will produce a net annual income,"—a difference in phraseology, but of no practical significance, as indicating a distinction in the intention of the testator.

In the fourth paragraph the executors were to select securities that should produce the income; but here, also, there is no limitation of the time when the securities were to be selected. Here, as there, likewise, the amount of the producing capacity should continue during the life of the beneficiary, which is the essential and controlling test of their actual and continuing value; and, while

the collocation of words is different in the different paragraphs, such verbal arrangement does not materially change the substantial rights of the parties, either as to who should execute the trust or the substantial benefits to be derived therefrom; the difference is, in fact, merely "formal and modal." We can no more say that it was the intention of the testator (reading and construing the will by its four corners) that the first selection of securities for an annual income during the lifetime of the legatee should control than under the provision for the benefit of Mrs. Merriam. In this, as in that, instance the controlling purpose of giving a certain sum for an annual income during life seems to us to be conclusive, and the manner in which this is to be carried out by the selection of securities is subordinate to, and unhampered by, conditions other than that such securities will produce such income during that period, which it could not do if the first selection, subject to the vicissitudes of commercial changes in value, made such selection absolute and unchanging. The result of the administration of the estate shows that it is ample to carry out the beneficent purpose of continuing the income of the sister as well as the wife during the lifetime of each.

It was the duty of the executors to select enough securities at once to accomplish that purpose. If subsequent events showed that they had not done so, the terms of the will would indicate a mistake in their selection, rather than that the testator meant that the fund should be changeless, and it follows that the fund should be enlarged because of such mistake, owing to circumstances that could not be foreseen by the testator; we should not hold the beneficiary to the consequences of such selection upon a finical theory of construction of the testator's intention, which is imaginary, rather than real. The authorities which illustrate the right of the beneficiary to have this bequest treated as a demonstrative, rather than a specific, legacy, have been fully considered in Merriam v. Merriam, supra, and need not be reconsidered here.

In the concluding portion of the opinion in Merriam v. Merriam, supra, force was given to the fact that Mrs. Merriam had surrendered a portion of her inheritance rights to accept the pro-

vision in the will for her benefit, which was not made a condition in the bequest to Mrs. Eggleston. We regard such condition as strong evidence of the intent of the testator to make a reasonable provision for the continuance of the annuity in that case, but, beyond furnishing such evidence, too much stress should not be placed upon that provision. The ground upon which this opinion rests, the legacies having been accepted, is, in our judgment, sufficiently strong, without being made to depend upon that consideration.

It was urged by counsel for testator that the probate court had passed upon this question, and had, in a proper proceeding, determined that the selection of certain securities to execute this trust was final, and concluded plaintiff thereby, under the authority of Greenwood v. Murray, 26 Minn. 259, 2 N. W. 945; but examination of the decree of distribution does not show that that court decided this question, or in this respect construed the will.

The provision in the order of distribution is as follows:

"First, to William R. Merriam, Helen M. Merriam, and Charles H. Bigelow, and their successors in trust, as trustees, to be held by them as such trustees under the terms and provisions, and upon the trust expressed in the second paragraph of the last will and testament of said John L. Merriam, the following personal property, to-wit: Twelve (12) Superior Water, Light & Power Co. bonds."

This provision goes no further than to confirm the selection of the securities already set apart, so far as they were selected; but the will is not in such respect construed. It does not determine the question raised here, nor hold that the selection is exclusive nor final, but leaves the provision affecting Mrs. Eggleston to stand as expressed in the will itself, without determining its effect; and if the will required a further selection of securities, or the payment to her of her income out of securities already selected for her, such course is in perfect consistence and keeping with the order of distribution. We are of the opinion that it is the duty of the trustees, either out of the funds derived from the securities selected or from other securities or avails, to secure to the legatee the bequests of the testator, as we are constrained to

hold it was intended, so that his sister should have $600 a year during her lifetime.

The order of the trial court is reversed.

LEWIS, J. (dissenting).

I dissent for the reasons expressed in the dissenting opinion in Merriam v. Merriam, 80 Minn. 254, 83 N. W. 162.

After a rehearing the following opinion was filed June 14, 1901:

LOVELY, J.

Our attention has been called to the fact that the Merriam estate has been settled in probate court, and the different legacies distributed and disbursed, with the exception of the specific funds provided for Mrs. Merriam and Mrs. Eggleston, which still remain in the hands of the trustees. We were misled in our understanding of counsel upon the argument of this cause in respect to this matter, in assuming that the funds of the estate in the hands of the trustees, besides the specific legacies provided for Mrs. Merriam and Mrs. Eggleston, were ample to pay their several annuities each year, and expressed views that are regarded by counsel as controlling the independent action of the trial court in its disposition of such funds in carrying out our views that such legacies were demonstrative in character, and intended by the testator to furnish a certain yearly income to the respective legatees.

We therefore withdraw such dicta from the opinion, and leave the trial court to hear this case, upon remand, free to exercise its original jurisdiction, and to make such decree in the premises as will subserve the best legal results for the parties interested.