CARRIE C. EGGLESTON v. WILLIAM R. MERRIAM and Others.[1]

April 25, 1902.

Nos. 12,967—(137).

**Will—Demonstrative Legacy.**

Eggleston v. Merriam, 83 Minn. 98, followed, to the effect that where a fund had been set apart by trustees under a will, to furnish an annuity to a legatee, the corpus of such fund may be resorted to upon the failure of the same to produce the requisite income.

**Charge on Other Funds.**

It appearing that the fund set apart to furnish the annuity of the legatee is sufficient for several years to accomplish that purpose, in the judgment of the trial court, it was not required to go further and impose obligations upon other funds which had been previously distributed.

**Same.**

*Held,* that an action to charge other funds than that set apart specifically for the legatee under the evidence in this case was premature.

[1] Reported in 90 N. W. 118.

Appeal by plaintiff from an order of the district court for Ramsey county, Brill, J., denying a motion for a new trial. Modified.

*William G. White,* for appellant.

*How, Taylor & Mitchell, John F. Fitzpatrick* and *John D. O'Brien,* for respondents.

LOVELY. J.

This is the second time the rights of the plaintiff, secured to her by a legacy in the will of John L. Merriam, have been before this court. It was held on the former appeal (83 Minn. 98, 85 N. W. 937, 86 N. W. 444) that certain securities selected by the trustees under the will did not constitute a changeless fund for the benefit of the legatee, without reference to its producing capacity, but that plaintiff took a demonstrative legacy, entitling her to have the deficiency resulting from the diminution of its producing capacity made up from the estate; following the rule laid down in Merriam v. Merriam, 80 Minn. 254, 83 N. W. 162.

Upon remand the plaintiff, under leave, filed a supplemental complaint, setting forth that, with the exception of the securities selected by the trustees to secure Mrs. Eggleston's income, the remaining legacies provided for in the will had been turned over to pay other legacies, under a decree of distribution of the probate court of Ramsey county, and, upon the claim that the body of the securities set apart for plaintiff's income would not be sufficient to furnish the same during her life, asked the court to declare the entire estate, including what had been distributed, subject to her legacy. The trial court denied the relief sought, but held that a part of the bunch of securities providing for Mrs. Eggleston's annuity be sold, that the remaining portion, which was sufficient in amount to furnish her the annuity provided for in the will for several years, be retained by the trustees for her benefit, but declined to go beyond this and subject other securities than such as were included in her fund to sale, or to charge her annuity upon the distributed estate. The age, condition of health, and probable length of life of the plaintiff, as well as the sufficiency of the fund set apart to furnish her an annual income for a substantial period, were matters which, under the previous remand, were sub-

mitted to the original and independent judgment of the trial court, who applied our views on the former appeal in that respect and acted thereon.

If the fund selected by the trustees for Mrs. Eggleston would be sufficient to furnish her annually the amount specified in the legacy according to the intent of the testator, under any view of the decree of distribution the order of the trial court was highly equitable and just, and we cannot say from our examination of the record that the plaintiff's fund was insufficient for that purpose. It is certainly sufficient for several years. It was within the power of the court to subject that particular fund to sale, to secure to plaintiff the benefits of her legacy. The ruling on the former appeal went to this length, and the trial court was clearly within the limits therein expressed in the order which it made appropriating plaintiff's income from the corpus of that fund, and, until it is found to be insufficient, or it can be clearly demonstrated to be so, which does not seem apparent from the record, we must sustain the order appealed from.

As we understand the previous orders of the trial court, the plaintiff is not foreclosed from making a further application if the fund set apart for plaintiff shall fail to secure the annuity during her life, but until it fails to do so the effect of the decree of distribution is not involved, and it is unnecessary to consider whether Mrs. Eggleston is precluded from resorting to any other part of the estate to secure her rights under the will.

Order affirmed.

On May 5, 1902, the following opinion was filed:

PER CURIAM.

The appellant herein having by order to show cause moved this court to modify its order, heretofore made affirming the order denying the appellant's motion for a new trial, it is directed that the order of affirmance be modified, so as to read as follows:

Ordered, that the order of the trial court denying a new trial be, and it is, affirmed; but ordered, further, that this cause be remanded to the district court, with directions to that court to amend its order for judgment so as to provide that the judgment

to be entered upon its findings shall be without prejudice to the right of the appellant, if any she may have, to bring another action for the relief sought in her supplemental complaint, in the event that the failure or insufficiency of the funds set apart to pay her annuity shall make it necessary to do so.