SAMUEL D. GREENWOOD *vs.* WILLIAM P. MURRAY, Executor, and another.

October 29, 1879.

Probate of Will—Effect on Devise.—The probate of a will does not establish the validity of any devise in it, even though there be but a single disposition of property made by the will.

Decree assigning Devised Property is Conclusive—Devise in Trust.—The decree of the probate court assigning to a devisee the property devised, establishes the validity of the devise conclusively as against all interested in the estate, unless an appeal is taken. Such a decree establishes the right to the property assigned of the person to whom it is assigned, the same as would the decree of any other court of competent jurisdiction; and if assigned to a devisee in trust, it establishes the validity of the trust.

Appeal by plaintiff from an order of the district court for Ramsey county, *Brill*, J., presiding, sustaining a demurrer to the complaint.

*Palmer & Bell*, for appellant.

*H. J. Horn*, for respondents.

GILFILLAN, C. J. Meliza J. Miller made a will, devising in terms to defendant Murray certain real estate, in trust to sell the same five years after the death of the testatrix, and pay the proceeds to certain persons named. The will was duly proved and admitted to probate in the probate court of Ramsey county, December 8, 1873. On June 17, 1874, the probate court, by a decree reciting that the estate had been fully administered, assigned the real estate to Murray, in trust for the purposes expressed in the will. The devise to Murray was the only disposition of property made by the will. This devise was void because it attempted illegally to suspend the power of alienation. The plaintiff, as assignee of certain of the persons named as beneficiaries of the attempted trust, brings this action to remove Murray as trustee, on the ground that he refuses to execute the trust, and to have the trust enforced. A demurrer to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action,

was sustained by the court below.    Here it is insisted, in support of the demurrer, that the devise was void because it attempted to suspend the power of alienation for a term prohibited by the statute, and therefore no estate vested, and no trust was created in Murray.

Upon this the plaintiff claims that the validity of the devise has been determined by the probate court, whose decision is conclusive, and that it is therefore *res adjudicata*.    The defendants deny that the probate court has assumed to pass on the validity of the devise, and claim that it had no power to determine such a question.    Plaintiff argues that the probate court determined the devise to be valid—*First*, in admitting the will to probate ; *second*, in its decree of June 17, 1874, assigning the real estate to Murray.

In this state the probate court has exclusive jurisdiction, in the first instance, to take proof of wills of real as well as of personal estate.    The decree of that court establishing a will is, unless reversed on appeal, conclusive that it was duly executed by the person whose will it purports to be, and that such person had legal capacity to execute it.    But the probate decides nothing beyond this.    The legal effect of the will or of its various provisions, its construction and operation, do not come in question, and cannot be passed upon, on an application to admit the will to probate.    It makes no difference that there is but one devise in it.    The probate does not assume to determine the validity of such devise, but only that the instrument presented for probate was executed as his last will and testament by the testator, in the manner prescribed by statute, and that he was legally competent to make a will.    The devise in this will was not, therefore, determined by the probate.

The decree of June 17, 1874, assumed to decide that the devise was valid. · Its language is : "It is hereby ordered and decreed that the property (described) be and the same is hereby assigned to and vested in William P. Murray, his heirs and assigns, in trust for the purpose named in said will."    How

could the decree thus assign the property for such purpose, except on the ground that, under the will, Murray was entitled to take and hold it for that purpose—that the provision of the will, making such disposition of it, was legal and effectual? How could it declare the property vested in him, without determining that he had a right to it? and he had no right to it unless this devise was valid. The decree of necessity decides the devise to be valid. If the probate court had power to make such a decree, the matter is *res adjudicata;* and, whether correctly or erroneously decided by that court, the decision is binding upon all concerned.

The question comes, then, to the power of the probate court to determine who is entitled to the real estate of deceased persons. The title to such property does not, as does that to personal property, come through the executor or administrator. It passes to the heir or devisee, by the death of the ancestor or devisor, and no administration or action of the probate court is necessary to the vesting of the title; but it is subject to the claims of administration, is what may be called a secondary fund for payment of charges, debts and legacies, and may be sold by order of the probate court for that purpose. The interests of the heirs or devisees may be materially affected, even entirely defeated, by the necessities of the administration. Where it has been necessary to sell, for payment of charges, debts and legacies, the real estate of one or more among several devisees, or unequal advancements are chargeable against the interests of heirs, the power to make a decree which shall have the effect to take from one and give to another of the heirs or devisees—that is, to determine the various interests in the real estate—is necessary to a full and just settlement of the estate. This power is vested in the probate court by Gen. St. *c.* 56, section 4 of which provides that after the payment of the debts, etc., "the probate court shall, by a decree for that purpose, assign the residue of the estate, if any, to such other persons as are by law entitled to the same; and in such decree the court shall name the persons,

and the proportions or parts to which each is entitled." Subsequent sections, providing for partition by the probate court, in certain cases, of real estate thus assigned, show that section 4 relates as well to real as personal property. Section 18 gives an appeal from such a decree. When a decree assigning the estate is made, it is undoubtedly final unless reversed, and concludes all parties interested as to everything necessarily involved in the decree. If it assign real estate to any person, it establishes his right to such real estate as the judgment of any other court of competent jurisdiction would. The decree of June 17, 1874, was within the jurisdiction of the probate court. Although the trust provided in the will was originally void, it is established by the decree as valid, and must be enforced. The demurrer should have been overruled.

Order reversed.