### In re HATHAWAY'S APPEAL.

*Wills—Issue on probate—Testamentary capacity.*

In proceedings for the probate of a will the only main issue is whether or not the paper propounded is a will, and if there are also minor issues they belong to the same inquiry and cannot be presented separately.

A petition for the probate of a will need not allege testamentary capacity; it is necessarily in issue.

Error to Lenawee. Submitted June 16. Decided June 22.

Appeal from probate of the will of Abigail D. Hathaway. Contestant brings error. Affirmed.

*Norris & Uhl* for plaintiff in error. It is established practice in the following counties for the circuit court on an appeal from the probate of a will to direct an issue to be framed for a trial: Wayne: *Beaubien v. Cicotte* 8 Mich. 9: 12 Mich. 461; *Taff v. Hosmer* 14 Mich. 309; St. Joseph: *Allison v. Smith* 16 Mich. 406; *Aikin v. Weckerly* 19 Mich. 483; Lenawee: *Harring v. Allen* 25 Mich. 506; Kalamazoo: *Kempsey v. McGinniss* 21 Mich. 123.

*Richard A. Watts* for defendant in error.

GRAVES, J. The will of Mrs. Hathaway was admitted to probate before the probate judge, and an appeal was thereupon taken by contestant to the circuit court. The hearing was there conducted before the judge without a jury and the decree below was affirmed. A bill of exceptions was taken and a review is asked on the questions it presents. When the cause came on for hearing no formal issue or issues had been framed, and proponent's counsel proposed to proceed on the appeal papers. The counsel for contestant objected and moved that the proponent and contestant, under the direction of the court, prepare an issue to be tried. This was overruled. Contestant's counsel then prayed leave to demur to the petition presented for probate in the probate court, on the ground that it did not aver the testamentary capacity of the testatrix, nor that she was of sound mind and memory.

This was refused. One of the attending witnesses was then placed on the stand to testify, and contestant's counsel objected against the admission of any evidence on the ground that the court had not ordered an issue. The objection was overruled and the witness proceeded to testify, and was

asked to explain the condition of the testatrix's mind at the time she made the will. This was objected to because the petition for probate contained no allegation respecting testamentary capacity and because there was no issue on the subject. This objection was also disallowed. The foregoing presents all the points in the bill of exceptions.

The case is disposed of by *Allison v. Smith* 16 Mich. 405; and *Frazer v. Wayne Circuit Judge* 39 Mich. 198. The issue or issues were inherent and it was not a necessary expedient to attempt to reduce them into written forms. The inquiry can neither be enlarged nor contracted by pleadings. There is one main issue and only one, and that is whether the paper propounded is or is not a will. There may be more or less minor issues included, but they all belong to the same inquiry and cannot be presented separately.

There was no error, and the order of the circuit court must be affirmed with costs against the contestant, and the result will be certified to both courts.

The other Justices concurred.