FARMER and another vs. SPRAGUE.

*March 14 — April 4, 1883.*

*Probate of will.*

In a proceeding for the probate of a will the issue is as to the due execution of the instrument as the last will of the testator, and it is not proper either in the county court or on appeal in the circuit court, to unite with that issue the question whether or not the testator had entered into a valid agreement to make some other disposition of his property. *Brook v. Chappell,* 34 Wis., 405, distinguished.

APPEAL from the Circuit Court for *Green* County.

On the 22d day of August, 1880, Margaret Farmer died, testate, at the village of Brodhead in Green county. A will executed by her and bearing date June 4, 1878, was presented for probate to the county court of said county, by *Burr Sprague,* who was named therein as executor. By such will the testatrix bequeathed to *Willis Farmer,* her son, and *Clara J. Farmer,* his daughter, her beds, bedding, linen, etc., and gave, devised, and bequeathed all the residue of her estate to the Seventh Day Adventists' Publishing Association, of Battle Creek, Michigan. *Willis Farmer* and *Clara J. Farmer* filed their objections to the probate of said will, alleging want of testamentary capacity, undue influence, and that the testatrix prior to the execution of said will had entered into a contract with *Willis Farmer* by which she agreed to give and bequeath all of her property, except $100, to the said *Clara J. Farmer.*

After hearing the proofs, the county court made an order

denying probate to the will of June 4, 1878, and admitting to probate a will of the said Margaret Farmer, dated September 28, 1875, by which she gave all of her property, except $100 to be paid to her brother William Mason, to *Clara J. Farmer*, and in which *Willis Farmer* was named as executor. From that order *Burr Sprague* appealed to the circuit court.

The circuit court, after a trial, found as facts that on the 28th of September, 1875, Margaret Farmer, in consideration that her son *Willis* should convey to her certain land which he then owned, agreed that she would make a will in favor of *Clara J. Farmer*, the daughter of said *Willis*, whereby she would give to said *Clara J.* all of the property of which she should die possessed, except the sum of· $100 to be paid to her brother William Mason; that in pursuance of said agreement *Willis Farmer* on that day conveyed said land to her, and she executed in due form the will which was admitted to probate by the county court; that afterwards Margaret Farmer took possession of the land conveyed to her by *Willis*, and sold the same for her own benefit and use; that on the 4th day of June, 1878, Margaret Farmer executed in due form the will of which probate was refused by the county court; and that at the time of the execution of said wills, the said Margaret Farmer was of sound mind and memory and in all respects competent to·make them.

As conclusions of law, the court held that in and by the aforesaid agreement between her and *Willis Farmer*, and by her acceptance of said conveyance, Margaret Farmer charged her estate in favor of the said *Clara J.* to the full amount thereof, except the sum of $100, which charge still continues, notwithstanding the will bearing date June 4, 1878; that the will dated September 28, 1875, is revoked by the will dated June 4, 1878, and is not entitled to probate; that the will dated June 4, 1878, is entitled to be admitted to probate, and when so admitted, the entire estate therein devised and bequeathed, with the exception of $100 to be given

to the Seventh Day Adventists' Publishing Association, is to stand charged in favor of the said *Clara J. Farmer*, and is to be paid over to her by the executor named therein, under proceedings thereunto to be had in the county court. From a judgment entered accordingly, *Burr Sprague* appealed.

For the appellant there was a brief by *Winans & Fethers*, and oral argument by *Mr. Fethers*. To the point that when a will is presented for probate the question to be tried is simply whether the writing is the last will of the deceased, and whether it was duly executed and published by him as such, they cited: *Lorieux v. Keller*, 5 Iowa, 196; *Cowden v. Dobyns*, 13 Miss., 82; *Wall v. Wall*, 30 id., 91; *In re Gilman*, 38 Barb., 364.

For the respondents the cause was submitted on the brief of *A. S. Douglas* and *P. J. Clawson*. They argued, among other things, that the county court in the probate of wills or settlement of estates may grant equitable relief or enforce a trust, and may recognize and enforce an equitable estoppel; and the jurisdiction of chancery in such a case is merely concurrent. *Brook v. Chappell*, 34 Wis., 405; *Jackman Will Case*, 26 id., 104; *Ketchum v. Walsworth*, 5 id., 95; Gary's Probate Law, sec. 23; *Appeal of Schœffner*, 41 Wis., 260; *Batchelder v. Batchelder*, 20 id., 452.

COLE, C. J. The testatrix, in the will of June 4, 1878, expressly revoked all former wills. That will would probably have operated as a revocation of any former will without words to that effect, since it made a complete disposition of the estate of the testatrix, both real and personal. Assuming the last will to be valid, there can be no doubt about the correctness of the legal conclusion of the circuit court, that it was entitled to be admitted to probate, but that the first will was not. But in admitting it to probate the circuit court impressed upon the will the trust or charge of the first will, except in respect to the legacy of $100, given to her

brother. The executor named in the last will appeals from that portion of the judgment which subjects the estate of the testatrix to the bequests of the first will. His counsel insists that the sole issue before the court was whether the will of June 4, 1878, should be admitted to probate. He says that all other questions, such as the construction of that will; whether there was any claim or trust upon the estate to be enforced contrary to its provisions; and as to the proper disposition of the property of the testatrix,— did not enter into that issue, and should not be considered when determining the probate of the will.

It seems to us this position of counsel is sound. It is obvious the sole question for decision in the circuit court on the appeal was whether the decree of the county court admitting to probate the first and refusing to probate the last will was correct. The circuit court decided that it was not; that the evidence showed that the last will was the one entitled to probate. So it will be seen the real point before the court and decided was as to the due execution of the last will. That question being disposed of, no other question was legitimately before it for adjudication. Why, then, should the issue, whether the testatrix was of sound disposing mind when she made that will, and whether that testamentary instrument was so executed as to meet the statutory requirements on the subject, be embarrassed by a consideration of other questions not properly connected with it. It is true, the contestants of this will claim that the testatrix had made a valid agreement binding herself to make a particular disposition of her property by her will, and different from the one she did make therein. Admit that such an agreement was made, it was not proper to enforce it on probating the will. The agreement, if one which should be enforced, can be carried into execution after the will is admitted to probate. It is not necessary that the agreement be enforced at

the same time and in the proceeding for the probate of the will. After the will is probated the court can determine, in a proceeding instituted for the purpose, whether or not the testatrix had put it out of her power to make the disposition of her property she did by the will. But it seems very objectionable to unite the issue whether the will should be probated, with the question whether the testatrix had entered into a legal obligation to make a particular disposition of her estate in her will; or, rather, to blend these issues together and enforce the agreement in probating the will. The construction of the will, and what shall be done with the estate, are matters for future consideration.

The questions whether the will should be admitted to probate, and whether a valid agreement had been made by the testatrix which should be enforced, are quite distinct, and cannot well be adjudicated in the same proceeding. And it is plain that the rights of the party claiming the estate under the alleged contract will be in no way prejudiced or affected by the order of the court admitting the will to probate. It must be understood that the right to enforce the contract is expressly saved or reserved to such party notwithstanding this decision.

It was said on the argument that the circuit court, in imposing in this proceeding a charge or trust on the estate of the testatrix in favor of *Clara J. Farmer*, relied on the case of *Brook v. Chappell*, 34 Wis., 405, to sustain its judgment. But that case is not an authority to sustain its action, as was clearly shown by appellant's counsel. In that case the will had been admitted to probate. Afterwards, in a proceeding instituted for the purpose, one of the executors asked for the probate of a nuncupative codicil to the will already probated. This court decided that the nuncupative codicil could not be admitted to probate, but that the county court, instead of the relief asked for, might recognize and enforce a trust in

favor of the petitioner against the residuary legatee and other executor named in the will. But that case is quite unlike this.

*By the Court.*— That part of the judgment of the circuit court appealed from is reversed, and the cause is remanded for further proceedings in accordance with this opinion.