Jones, Appellant, vs. Roberts, Administrator, Respondent.

*March 3 — March 21, 1893.*

Wills. (1) *Bond of executor as sole legatee: When estate becomes vested.* (2) *Construction when probated.* (3) *Trust power with right of selection.*

1. Under sec. 3795, R. S. (providing that if the executor shall be sole or residuary legatee he may give a bond with a condition only to pay the debts and legacies, and need not return an inventory), the mere ordering, receiving, and approving of such a bond does not vest the title to the whole estate absolutely in the executor. Such title becomes so vested only when it is judicially determined, after due notice and opportunity for hearing, that by the terms of the will he is such "sole or residuary legatee."

2. Though the probate of a will after due notice of the application therefor is "conclusive as to its due execution" (R. S. sec. 2294), a construction of the provisions of the will at that time and upon that notice only is not conclusive.

3. A will gave to the testator's wife, who was named as executrix, all his estate for her life, with remainder "as hereinafter named." It then directed the wife to devise and bequeath two thirds of the estate to all or some of the testator's "nearest relations," she to determine to which of them she would so devise or bequeath the same. *Held,* that under secs. 2121–2124, R. S., the will created an imperative trust power with right of selection, and that under sec. 2127 the mere fact that the wife died without executing the power did not deprive such "nearest relations" of their rights. They were entitled, therefore, upon her death, to the appointment of an administrator *de bonis non,* with the will annexed.

APPEAL from the Circuit Court for *Columbia* County.

Robert Jones died July 17, 1883, leaving him surviving no children, but a widow, Jane, a brother, *William J. Jones,* the appellant, and sisters and children of deceased sisters. He also left considerable real and personal property, and a last will and testament executed March 28, 1878, which was admitted to probate September 4, 1883. In said will

he appointed his wife sole executrix. It contained, among others, the following provisions:

" Second. I give, devise, and bequeath to my said wife, Jane Jones, being my said executrix, all my estate, real, personal, or mixed, of which I shall die seised and possessed, or to which I shall be entitled at the time of my decease, to have and to hold the same to her for and during the term of her natural life, with remainder thereof on her decease, as hereinafter named.

" Third. I will and direct my said wife, Jane Jones, being my said executrix, to give, devise and bequeath two thirds of my said estate to all or some of my nearest relations, to have and to hold the same to them, their heirs and assigns, forever, as soon as conveniently may be, but within one year, after the decease of my said wife, Jane Jones: providing that my said wife is at liberty to divide said two thirds of my estate to whomsoever of my said nearest relations as will look reasonable to her. As for the other one third of my said estate, my said wife, Jane Jones, may give, devise, and bequeath the same to whomsoever she will choose."

At the time of admitting said will to probate the county court ordered that the said Jane, as such executrix, give a bond to pay debts and legacies in the sum of $500. She thereupon gave such bond in said sum, conditioned to pay or cause to be paid all the lawful debts, claims, and demands against the said deceased within such time as the court might order, and pay and deliver, or cause to be paid and delivered, to the several legatees mentioned in said will, the several legacies to them respectively bequeathed, according to the directions and true intent and meaning of said will, and to perform all orders and judgments of said county court by her to be performed in the premises. On the same day said bond was duly approved, and it was ordered that letters testamentary on said estate be issued to

the said Jane Jones, and such letters were thereupon issued to her as such executrix, wherein said court granted to her, as such executrix, the administration of all and singular the goods, chattels, rights, credits, and estate of said deceased, and in any way concerning his said will, unto her as sole legatee and heir under the will, and thereby empowering her to take and have possession of all the real and personal estate, except the homestead, of said deceased, and to receive the issues and profits thereof until said estate should be settled, or until delivered over by order of said county court to the devisees or heirs of said deceased. She was further directed to administer according to law and the will of said testator all the goods, chattels, rights, credits, and estate of said deceased which should come into her possession, and out of the same to pay and discharge all debts, legacies, and charges chargeable thereon, or such dividends thereon as should be ordered and adjudged by the county court, to render a just and true account of her administration to said court within one year, and as required by law, and to perform all orders and judgments of said court by her to be performed in the premises.

On April 3, 1891, the said Jane died intestate. On May 5, 1891, the respondent, *William D. Roberts*, was appointed administrator of the estate of said Jane Jones, deceased. On July 16, 1891, the appellant, *William J. Jones*, petitioned the county court for the appointment of an administrator *de bonis non*, with the will annexed, of the estate of the said Robert Jones, deceased. Upon the hearing thereof the county court, September 22, 1891, denied said application. On October 17, 1891, the said *William J. Jones* appealed from said order denying said application to the circuit court, and gave the requisite bond. Upon the hearing thereof, and on March 15, 1892, the court made findings of fact to the effect mentioned; and as conclusions of law the court found that the adjudication of the county court in

receiving and approving the said bond of said Jane as such executrix is a final determination of the proceedings instituted to probate the will and administer the said estate, and that there was no longer any estate of said Robert Jones to be administered upon, and that no proceedings were pending to warrant the appointment of an administrator *de bonis non;* that the order of the court from which the appeal therein was taken, refusing to appoint such administrator, must be affirmed, with costs to the respondent; and judgment was ordered to be entered accordingly. On May 12, 1892, judgment was entered upon such findings, and it was therein ordered and adjudged that the said order of the county court denying the motion of the said *William J. Jones* to appoint an administrator *de bonis non* of the estate of Robert Jones, deceased, be affirmed, and that the appeal therein be dismissed, with costs against the said *W. J. Jones* taxed at $45.70. From that judgment the said *William J. Jones* appeals.

For the appellant there was a brief by *H. Pfund*, attorney, and *Burr W. Jones*, of counsel, and oral argument by *Mr. Jones.*

*John S. Maxwell*, for the respondent, contended, *inter alia*, that upon the notice to probate the will the court had jurisdiction of the subject matter and of all persons interested for certain purposes. The construction of the will, so far as to determine what kind of a bond the court should require from the executrix, was a necessary and proper part of the proceedings to probate the will, and a judicial act within the jurisdiction of the court, which binds all parties interested. When the bond was given pursuant to sec. 3795, R. S., and approved, the administration of the estate terminated. The executrix took absolute title to the whole estate, and claims against the estate became claims only against the obligors under the bond, and the county court had no further jurisdiction. *Will of Cole*, 52

Wis. 591; *Durfee v. Abbott*, 50 Mich. 278; Gary, Prob. Law, sec. 540; *Clarke v. Tufts*, 5 Pick. 337.

CASSODAY, J. The will of Robert Jones was admitted to probate September 4, 1883, pursuant to an order of the county court made July 27, 1883, wherein it was "ordered that the proofs of said instrument be heard" at the time and place named, and "further ordered that notice of the time and place of such hearing be given to all persons interested, by publishing a copy of this order for three weeks, successively, previous to said day of hearing," as therein provided. Such notice was given as prescribed by statute. Sec. 3787, R. S. That section authorized all persons "concerned" to "appear and contest the probate" of the will. The statute also provides that, "when a will shall have been duly proved and allowed, the county court shall issue letters testamentary thereon to the person named executor therein, if he is legally competent and shall accept the trust and give bond as required by law." Sec. 3792. On the same day on which the will was so admitted to probate, and without any notice other than the one mentioned, the county court ordered the executrix to give the bond, and she gave the same, and the same was then approved, and thereupon and on the same day letters testamentary were issued to her therein as mentioned in the foregoing statement.

It is contended, and the trial court held as a matter of law, in effect, that such adjudication of the county court in ordering, receiving, and approving such bond was a final determination of the proceedings instituted to probate said will and to administer said estate of Robert Jones; and that thereupon, and by virtue thereof, there ceased to be any such estate to be administered upon, or any proceedings pending in said county court to warrant the appointment of an administrator *de bonis non.* The theory of such deter-

mination seems to have been that the mere ordering, receiving, and approving the bond *ipso facto* vested the title to the whole estate, both real and personal, in the executrix absolutely and irrevocably. The section of the statute relied upon to work such a remarkable transfer provides that, " if the executor shall *be sole or residuary legatee*, . . . he may give a bond, in such sum and with such securities as the court may direct, with a condition only to pay all the debts and legacies of the testator, and in such case he shall not be required to return an inventory." Sec. 3795.

Assuming, for the purpose of this appeal, that the word " legatee," as used in this section, may be construed so as to include a *devisee*,— a question not here determined,— still we are constrained to hold that it is only when, by the terms of the will, the executor is such " sole or residuary legatee," and the same is judicially determined upon due notice and opportunity for hearing, that such transfer becomes complete in law ; in other words, such transfer is effected, if at all, by virtue of the provisions of the will as construed by the court upon such notice and opportunity for hearing, and not merely by reason of ordering, receiving, and approving of a bond of a particular form. Here, as indicated, the only notice was that given for the probate of the will. Such probate of the will is made, by statute, " conclusive as to its due execution." Sec. 2294. It implied that the instrument probated was in the form of a will, but called for no construction of the provisions of the will,— certainly none which was binding upon the rights of the parties under the will. True, it may be inferred from the ordering, receiving, and approving of said bond that the county judge was of the opinion that the executrix was such " sole or residuary legatee " of the personal property, if not of the real estate ; but such mere inference cannot bar those claiming under the will from a right to a hearing on the subject upon due notice. Besides, the bond, as well as the

letters testamentary, contemplated further proceedings in the county court in the settlement of said estate. It is the office of an executor to execute the will of the testator. The statute provides that after the payment of debts, funeral charges, and expenses of administration, and after deducting all the allowances therein provided for, "the county court *shall*, by an *order or judgment, assign the residue of the estate*, if any, to such other persons as are by law entitled to the same. . . . Such order or judgment may be made on the application of the executor or administrator, or of any person interested in the estate." Sec. 3940, S. & B. Ann. Stats. The effect of such order or judgment of distribution is not to transfer the title, but to determine the persons entitled to the property, and their respective interests therein. *Gillett v. Treganza*, 13 Wis. 472. But even such order or judgment is not conclusive as against those claiming under the will, without notice or opportunity of being heard. *Bresee v. Stiles*, 22 Wis. 120; *Ruth v. Oberbrunner*, 40 Wis. 238; *Appeal of Schaeffner*, 41 Wis. 260, 45 Wis. 614; *Loring v. Steineman*, 1 Met. 204; *Pierce v. Prescott*, 128 Mass. 144. This being so as to a direct adjudication, necessarily calling for a construction of the will in the assignment and distribution of the estate, must, for a much stronger reason, be so where the construction is merely incidental and collateral and confessedly without any notice.

It necessarily follows from what has been said that the estate of Robert Jones, deceased, has never been settled,— certainly not as to the remainder of the two thirds of the estate. By the portion of the will contained in the foregoing statement it will be observed that the testator gave, devised, and bequeathed to his wife all of his estate, "to have and to hold the same to her, for and during the term of her natural life, with remainder thereof, on her decease," as thereinafter named. He then therein directed his wife

Jones vs. Roberts.

"to give, devise, and bequeath two thirds" of such remainder to all or some of his "nearest relations, to have and to hold the same to them, their heirs and assigns, forever," with power in the wife to divide such two thirds among such of his "nearest relations" as might seem to her to be reasonable. Manifestly, the will thus created a trust for the benefit of a class. Secs. 2121, 2122, R. S. Such trust was not prevented from being imperative merely because the wife had the right to select some of the class and exclude others. Secs. 2123, 2124, R. S. Where there is a disposition to a class, without any specification as to the share of each, all the persons designated are entitled to an equal proportion. Sec. 2125, R. S. The statute further provides that, "if the trustee of a power with the right of selection shall die leaving the power unexecuted, its execution shall be adjudged in the circuit court for the benefit equally of all the persons designated as objects of the trusts." Sec. 2127, R. S. The mere fact that the wife died without exercising the power of selection did not deprive such "nearest relations," as *cestuis que trustent*, of their rights under the will. It follows that at least two thirds of such remainder either passed to such "nearest relations" of the testator, or else was undisposed of by the will. In either event such "nearest relations" are entitled to the appointment of an administrator *de bonis non* with the will annexed.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions to reverse the order of the county court, and for further proceedings according to law.