LEON W. RANDALL AND IRVING L. RANDALL, Aplts.,
FROM DECREE OF PROBATE COURT.

Androscoggin.    Opinion December 22, 1904.

*Will.    Testamentary Capacity.    Evidence.*

Intellectual feebleness, from age or other causes, or delusions about matters, not connected with property or its disposition, may exist, and notwithstanding the person may have a sound and disposing mind and memory, as the law understands that term relative to the making of a will.    If the testator possesses so much mind and memory as enables him to transact common and simple kinds of business with that intelligence which belongs to the weakest class of sound minds, and can recall the general nature, condition and extent of his property, and his relations to those to whom he gives, and also to those from whom he excludes his bounty, it is sufficient.

A person may have delusions in believing that they have communications from and interviews with the spirits of deceased persons, but unless such supposed communications control the disposition of property, the believer in them is not thereby rendered incompetent to make a valid will.

When the evidence leads the court to the irresistible conclusion that the jury gave too great effect to the peculiarities and eccentricities of the testator, and failed to discriminate between them, and the legal significance of the term sound and disposing mind and memory, their finding that the testator was of unsound mind will be set aside.

On appeal and motion.    Appeal dismissed.

This was an appeal from the Probate Court of Cumberland County approving, allowing and admitting to probate a certain instrument purporting to be the last will and testament of Foster Lee Randall, late of Lewiston, in the County of Androscoggin, deceased.    After the will was sustained by the Probate Judge of Cumberland, the appellants took an appeal to the Supreme Judicial Court in Cumberland County, and it was removed from that court to the Supreme Judicial Court holden at Auburn in April, 1904.    At the trial in the court below the jury found that the testator at the time of the execution of the will was not of sound mind.    The appellants thereupon filed exceptions to the admission of certain evidence, and a motion to set aside the verdict as against evidence.

The case appears in the opinion.

*Tascus Atwood,* for appellants. .

*J. D. McGillicuddy and F. A. Morey,* for appellee.

SITTING:   WISWELL, C. J., EMERY, STROUT, WHITEHOUSE, POWERS, JJ.

STROUT, J.   This is an appeal from a decree of the Judge of Probate, allowing the will of Foster Lee Randall.   The Court submitted to the jury two questions,—

First:   At the time of the execution of the instrument purporting to be the last will and testament of Foster Lee Randall, was the said Foster Lee Randall of sound mind?

Second:   Was the execution of said instrument procured by the undue and improper influence or fraud of any person or persons?

Both questions were answered by the jury in the negative.   The proponents ask that the finding upon the first question, as to the soundness of mind, be set aside as against the evidence in the case.

A number of witnesses testified that Randall had peculiarities, eccentricities, and occasionally uncleanly habits,—that he at times talked to himself, as if addressing some person not present,—that he thought the spirits of some of his dead enemies troubled him at ·night,—that at one time he touched a match to a cow's tail and seared the hair,—that at another time he objected to the presence in his house of a man who had been his former friend,—that he thought apples disagreed with him, and that his son's wife persisted in giving him food containing apples to poison him, and that he disinherited his two sons, and was embittered against them.   This feeling against his son Leon grew out of a previous arrangement with him for the support of the father, which Randall claimed was not performed by Leon, and a suit was brought against Leon for breach of his obligation, which was subsequently compromised by payment to Leon for his three years service of $1900 and reconveyance of the property to the father.   It is in evidence that Randall said afterward that Leon should never have any more of his property.   As to the other son, he took an appeal from the decree of the Judge of Probate awarding to

Randall a small amount of personal property belonging to his deceased wife, which was dismissed by the Supreme Court, and a second appeal was attempted, which was also dismissed by the Court.

These are the principal grounds upon which the contestants relied to establish unsoundness of mind. Separately or all together they are insufficient to show that Randall had not sufficient capacity to make a will. Intellectual feebleness, from age or other causes, or delusions about matters, not connected with property or its disposition, may exist, and notwithstanding the person may have a sound and disposing mind and memory, as the law understands that term relative to the making of a will. If the testator possesses so much mind and memory as enables him to transact common and simple kinds of business with that intelligence which belongs to the weakest class of sound minds, and can recall the general nature, condition and extent of his property, and his relations to those to whom he gives, and also to those from whom he excludes his bounty, it is sufficient. *Hall* v. *Perry*, 87 Maine, 572.

Some persons believe they have communications from and interviews with the spirits of deceased persons. This may be a delusion, and is so regarded by many, but unless such supposed communications control the disposition of property, the believer in them is not thereby rendered incompetent to make a valid will. It is familiar knowledge that many persons of sound judgment and great business capacity in all secular transactions, have vagaries and superstitions upon other matters, which to minds differently constituted appear utterly absurd and groundless.

The proponents introduced a large number of witnesses, one of whom had known Randall intimately from boyhood and been his family physician for fifty years,—others had almost daily familiar observation of and intercourse with him for many years,—had frequent business transactions of considerable importance with him. All of them say they never discovered any indication of mental unsoundness in him. It would be unprofitable to go over in detail the testimony of these witnesses. Suffice it, that from their opportunities of judging of his mental condition, it is impossible to believe that if Randall lacked sufficient mental capacity to make a valid will,

some indications of that condition would not have been apparent to them in the varied, important and multiplied transactions they had with him.

The conclusion is irresistible that the jury gave too great effect to the peculiarities and eccentricities of Randall, and failed to discriminate between them, and the legal significance of the term sound and disposing mind and memory. The finding that Randall was of unsound mind is set aside as against the evidence.

It is not necessary or desirable to again submit the question to a jury. The mandate to the Court below will be that the finding of the jury that Randall was of unsound mind is set aside.

> *Appeal dismissed.   Decree of Probate Court allow-*
> *ing the will affirmed.   Remanded to the Supreme*
> *Court of Probate for decree.*