## *In re* ALLEN'S WILL.

No. 3487. Opinion Filed December 8, 1914.

(144 Pac. 1055.)

1. **WILLS—Probate Proceedings—Issues Triable.** In a proceeding to probate a will, under sections 6210 and 6211, Rev. Laws 1910 (sections 5157, 5158, Comp. Laws 1909), the only issue triable is the **factum** of the will, or the question of **devisavit vel non.**

2. **WILLS—Power to Bequeath Property—Indians—"Prevented by Law."** The phrase "prevented by law," as used in that part of section 8341, Rev. Laws 1910, which provides, "No person who is prevented by law from alienating, conveying, or incumbering real property while living shall be allowed to bequeath same by will," means prevented by law of the state, and does not apply to Indians of the Five Civilized Tribes, who are prevented by act of Congress from alienating, conveying, or incumbering real property while living, otherwise than by last will and testament.

3. **SAME.** Section 23 of the act of Congress of April 26, 1906, c. 1876, 34 Stat. 145, and section 9 of the act of May 27, 1908, c. 199, 35 Stat. 315, confer the right upon allottees of the Five Civilized Tribes to alienate real estate by will, when and where the testator is of lawful age and sound mind, is within the statute, and complies with all legal requirements relating thereto

(Syllabus by Sharp, C.)

*Error from District Court, Coal County;*

*Robert M. Rainey, Judge.*

Petition by C. M. Threadgill for the probate of the will of Emerson Allen, deceased, to which Rhoda Allen, the wife of the testator, filed objections. From a judgment denying probate, proponent, Threadgill, brings error. Reversed and remanded.

*C. M. Threadgill, in pro. per.*

*J. G. Ralls,* for defendant in error.

*Gray & McVay, amici curiae.*

Opinion by SHARP, C.  On November 12, 1910, the proponent, C. M. Threadgill, filed in the county court of Coal county his petition asking for the probate of the will of Emerson Allen, deceased.  From the petition it appears that said Emerson Allen, a resident of Coal county, made and executed his last will and testament on January 5, 1910, and thereafter departed this life in said county on or about November 4th of said year; that at the time of his death he left an estate consisting of a homestead allotment of land about 160 acres, and a portion of a surplus allotment, the probable value of each being stated.  On the 27th of December, 1910, Rhoda Allen, the surviving wife of said Emerson Allen, filed in said court her opposition to the probate of the will, charging: (1) That the document exhibited was not, in fact, the last will and testament of the said Emerson Allen, for the reason that, at the time the same purported to have been made, the deceased was not of sound and disposing mind, and that the same was not executed, attested, and witnessed in the manner provided by law; (2) that at the time of the execution of the purported will decedent was a full-blood Indian, and, under the law, could not dispose of the property sought to be devised in said will, for the reason that there were legal restrictions upon the alienation thereof.  Issue being taken by answer on the part of the proponent, the county court on June 13, 1911, refused to admit the will to probate.  An appeal being prosecuted to the district court, the case was there tried upon an agreed statement of facts.  It is admitted that the testator, Emerson Allen, was a full-blood Choctaw Indian; that the land sought to be alienated by him constituted his homestead and a part of his surplus allotment; and that the restrictions upon his right of alienation had not, during his lifetime, been removed either by act of Congress or by order of the Secretary of the Interior.  The district court refused to admit the will to probate, upon the ground that, the testator being a full-blood Choctaw Indian, and the lands described in the will "consisting of his allotment and homestead as a Choctaw Indian citizen," and being restricted

lands, under the law of the state the said testator could not make a valid will.

In refusing to admit the will to probate, under the facts appearing in the record, the trial court erred, as was held by this court in *Taylor v. Hilton*, 23 Okla. 354, 100 Pac. 537, 18 Ann. Cas. 385; *Nesbit v. Gragg et al.*, 36 Okla. 703, 129 Pac. 705. Each of the foregoing cases named involved the alienation by will of allotted Indian lands in the Chickasaw Nation, and it was held that, under the laws of Arkansas in force in the Indian Territory by act of Congress, the only issue triable in a proceeding to probate a will was the *factum* of the will, or the question of *devisavit vel non.* The former opinion of the court contains a review of many authorities sustaining the court's conclusion. Such, then, may be considered the state of the law in all cases arising in the Indian Territory portion of the state prior to statehood.

Turning to the statutes in force in this jurisdiction when the will in the present case was offered for probate and the hearing had on the contest, we find that section 6210, Rev. Laws 1910 (section 5157, Comp. Laws 1909), furnishes the procedure, and enumerates certain issues that may arise in the course of a contest against the probation of a will. Section 6211, Rev. Laws 1910 (section 5158, Comp. Laws 1909), provides that the court, after hearing the case, must give in writing the findings of fact and conclusions of law upon the issues submitted, upon which the court must render judgment, either admitting the will to probate or rejecting it. In either case the proofs of the subscribing witnesses must be reduced to writing, and, if admitted to probate, the judgment, will, and proofs must be recorded. It will be noted that the conclusion to be reached upon a hearing of the contest is whether the will shall be rejected or admitted to probate. There is no authority conferred by statute by which the court, upon a hearing of the contest, has authority to construe the will or adjudicate upon the rights of the parties or the validity of the disposition thereof.

The latter section of the statute is the same as section 5672, Comp. Laws of Dakota 1887 (section 47, Prob. Code, Comp. Laws South Dakota 1910). Construing this section of the South Dakota statute, from which state our statute appears to have been adopted, the Supreme Court of that state, in *Irwin et al. v. Lattin et al.*, 29 S. D. 1, 135 N. W. 759, Ann Cas. 1914C, 1044, held that, upon a proceeding to probate a will, the only matters to be adjudicated were that the will was duly executed and attested, was not procured by fraud; that the testator had sufficient mental capacity to make a will, and had authority to dispose of his property by will; that the attesting witnesses, where required, were competent and credible; and that the evidence was sufficient to sustain the probate. The court cites, in support of its conclusion, the following cases: *In re Thompson's Estate*, 26 S. D. 576, 128 N. W. 1127, Ann. Cas. 1913B, 446; *In re John's Will*, 30 Ore. 494, 47 Pac. 341, 50 Pac. 226, 36 L. R. A. 242; *In re Murphy's Estate*, 104 Cal. 554, 38 Pac. 543; *Hathway's Appeal*, 46 Mich. 326, 9 N. W. 435; *Farmer v. Sprague*, 57 Wis. 324, 15 N. W. 382; *Greenwood v. Murray, Ex'r*, 26 Minn. 259, 2 N. W. 945; *In re Jones' Estate*, 84 Wis. 465, 54 N. W. 917. This is the same conclusion that was reached by this court under the laws formerly in force in the Indian Territory.

Section 23 of the act of April 26, 1906. (34 Stat. at L. 137), provides that every person of lawful age and sound mind may, by last will and testament devise and bequeath all of his estate, real and personal, and all interest therein; provided that no will of a full-blood Indian devising real estate shall be valid, if such last will and testament disinherits the parent, wife, spouse, or the children of such full-blood Indian, unless acknowledged before, and approved by, a judge of the United States Court for the Indian Territory, or a United States Commissioner. Section 9 of the act of May 27, 1908 (35 Stat. at L. 312), provides that, if any member of the Five Civilized Tribes of one-half or more Indian blood shall die leaving issue surviving born since March 4, 1906, the homestead of such deceased allottee

shall remain inalienable, unless restrictions against alienation are removed therefrom by the Secretary of the Interior in the manner provided in section 1 of the act, for the use and support of such issue during their life or lives, until April 26, 1931; but, if no such issue survive, then such allottee, if an adult, may dispose of his homestead by will free from all restrictions; if this be not done, or in the event the issue herein before provided for die before April 26, 1931, the land shall then descend to the heirs according to the laws of descent and distribution of the state of Oklahoma, free from all restrictions: Provided, further, that the provisions of section 23 of the act of April 26, 1906, as amended by said act, are thereby made applicable to all wills executed under said section. The former act only prevents a full-blood Indian from devising real estate where he disinherits the parent, wife, spouse, or children, and does not acknowledge the will before and have it approved as provided by the terms of the act.

It is, therefore, clear that, under the act of April 26, 1906, unless changed by subsequent legislation, Emerson Allen, on January 5, 1910, if at the time of lawful age and sound mind, had the lawful right to execute the will presented for probate, unless in doing so the requirements of the statute were not complied with. Turning to section 9 of the act of May 27, 1908, we find that, as to the surplus allotment, the right to devise by will, as found in the former act, by express enactment remains unchanged. However, as to the homestead, new limitations upon the right of alienation are found. If, however, a member of either of the Five Civilized Tribes possessing one-half or more Indian blood die leaving no issue surviving born since March 4, 1906, then such allottee, if an adult, may dispose of his homestead by will free from all restrictions. That provision of section 9 of the latter act, with regard to the removal of restrictions on the alienation of the homestead by the Secretary of the Interior, not being involved, as we understand, is not considered. By the provisions of the two acts mentioned are we to determine the right of Emerson Allen to exe-

cute the will in question. The authority to devise his surplus allotment, in so far as the alienability of the estate was concerned, was absolute. If, on account thereof, disinheritance followed within the meaning of the act, then certain named formalities and requirements connected with the acknowledgment and approval of the will were required. As to a homestead, if no issue born since March 4, 1906, survived the testator, then the right of an adult allottee possessing one-half or more Indian blood to alienate the homestead by will was expressly given by the latter act.

The court's order denying the will to probate, it appears, was based largely, if not wholly, upon section 8341, Rev. Laws 1910 (section 1, c. 41, Sess. Laws 1909), which, among other things, provides that no person who is prevented by law from alienating, conveying, or incumbering real property while living shall be allowed to bequeath same by will. The effect to be given the foregoing statute, when attempted to be applied to Indian citizens as a restriction upon the right of alienation by will of allotted lands, was before this court in *Walker et al. v. Brown,* 43 Okla. 144, 141 Pac. 681, where it was held:

"The phrase 'prevented by law,' as used in that part of section 8341, Rev. Laws 1910, which provides, 'No person who is prevented by law from alienating, conveying or incumbering real property while living shall be allowed to bequeath same by will,' means prevented by law of the state, and does not apply to Indians of the Five Civilized Tribes who are prevented by act of Congress from alienating, conveying, or incumbering real property while living, otherwise than by last will and testament."

The recent expression of this court in construing the effect to be given, and the limitation placed upon, the foregoing statute needs no additional reasoning or citation of authority. The federal, and not the state, statute mentioned must control the right of the testator to alienate his allotted lands.

The case was obviously disposed of by the trial court upon a mistaken notion as to the law controlling the right of Emer-

son Allen to alienate his allotment by will. We have indicated some of the facts that should be made to appear in a further hearing upon the issues arising upon the petition to probate, and the opposition thereto of, the contestant. The exact status of the testator in the respects to which we have called attention should appear in the court's findings of fact, and that whether of an affirmative or negative character.

The judgment of the trial court in refusing to admit the will to probate should, for the reasons stated, be reversed, and the cause remanded for further proceeding not inconsistent with this opinion.

By the Court: It is so ordered.