In re SWANSON'S ESTATE,

SWANSON, et al, Respondents, v. SWANSON, Appellant.

(222 N. W. 491.)

(File No. 6247. Opinion filed December 20, 1928.)

*G. M. Caster* and *R. C. Baker,* both of Lake Andes, for Appellant.

*J. E. Tipton,* of Lake Andes, and *L. E. Corey,* of Wagner, for Respondents.

MORIARTY, C. This appeal involves a will contest.

Nels Peter Swanson died in April, 1925, leaving as his heirs at law six daughters and three sons. At the time of his death Swanson was past 84 years of age. Shortly after his death his youngest daughter, Nellie Swanson, presented to the county court of Charles Mix county the instrument involved herein, and petitioned that court to admit the instrument to probate as the last will and testament of Nels Peter Swanson, deceased.

Four of the daughters and one of the sons appeared in the county court and contested the admission of the instrument upon three grounds, to wit, that it was not executed in the manner provided by law for the execution of wills; that Swanson did not have testamentary capacity at the date of the instrument; and that the execution of the instrument was procured through undue influence exercised upon Swanson by his daughter Nellie Swanson, the proponent and the principal beneficiary under the provisions of the writing.

The evidence presented at the trial in the county court was taken in shorthand by a reporter of the circuit court of the First judicial circuit, and by him transcribed into typewritten form.

As a result of that trial, the county court found for the proponent, and entered its order admitting the instrument to probate as the valid last will of said Nels Peter Swanson, deceased.

From that order the contestants appealed to the circuit court. And in that court the parties stipulated that the case might be submitted upon the transcript of the evidence taken in the county court, and that a jury trial was waived.

Upon the evidence so submitted, the circuit court made findings and conclusions in favor of the contestants, and entered judgment reversing the county court and adjudging that the instrument was not entitled to probate.

From that judgment, and from an order denying a new trial, this appeal is taken.

The record conclusively shows that the instrument was executed in due form, and the circuit court properly held that the two questions of testamentary capacity and of undue influence were the only questions presented for consideration. That court found that on November 10, 1922, the date of the execution of the will, the testator had testamentary capacity. This finding is supported by

substantial evidence, and is not challenged on this appeal. There-fore the only question for this court to consider is whether the circuit court committed reversible error in finding that the execution of the will was procured by the undue influence of the proponent.

As supporting this holding, that court included in its findings statements substantially as follows:

The will is unnatural and unjust. For some years prior to the execution of the will the testators daughter, Nellie Swanson, who is the proponent and chief beneficiary of the will, was with the testator almost constantly, and aided and directed him in all his business transactions. The testator relied upon his said daughter in handling his financial and business affairs, and, because of these facts, and the mental and physical weakness due to his advanced age, the testator, at the time he executed the will, was easily suscep-tible of influence from his said daughter. These are the only find-ings of fact in any way material to the question of undue influence.

Considering, first, the question whether the will is unnatural and unjust: At the time the will was made the testators wife was living. His daughter Nellie was the only one of the nine children who had remained continuously in the home of the parents, caring for them and assisting them in the infirmities of age. This daugh-ter was then past 30 years of age, had remained unmarried, and was assisting in the farm work both indoors and out. The other daughters and sons had established homes for themselves elsewhere. The father could not read or write English, nor drive a car. At the time the will was made his eyesight had become poor. Under these circumstances the daughter Nellie was doing for him the things he could not do for himself.

The will provided that, in case the testator's wife survived him, the entire net property of his estate should remain in the possession of said wife and the daughter Nellie until the death of the wife, and that, upon her death, each of the three sons and each of the daughters, other than Nellie, should have $100 from the estate, and Nellie should have the entire residue.

The trial court made no finding as to the value of the estate, nor do we find in the record any evidence from which such finding could be made. Nor is there any evidence as to the finan-cial circumstances of the contesting son or daughters. Under such

circumstances there is nothing in the record to support the trial court's conclusion that the will was unnatural or unusual.

■ The record upon the question of undue influence is the same as that above set forth. It undoubtedly shows that Nellie Swanson had ample opportunity to exert undue influence upon the testator, and that the relations of the testator and this daughter were such that but little effort would be required to constitute undue influence on the daughter's part. But this court has repeatedly held that proof of opportunity alone is not enough to establish undue influence, without evidence of some act showing an effort to exert such influence. Tobin v. Nordness, 47 S. D. 255, 197 N. W. 783; Gillette v. McLaughlin, 44 S. D. 499, 184 N. W. 277; Peterson v. Imbsen, 46 S. D. 540, 194 N. W. 842; Vassilos v. Arnold, 47 S. D. 147, 196 N. W. 545.

There is not one word in the record to show that Nellie Swanson did anything whatever to direct or solicit any preference to herself under the will, or even suggested that the testator make a will.

■ To hold that the will involved in this case was procured by undue influence amounts to a holding that a son or daughter who is given a preference in a will has exerted undue influence by the mere act of remaining with aged parents, and, at a cost of self-sacrifice, aiding them and caring for them until their infirmities end in death. To that extent neither this court nor courts generally have seen fit to go.

The record shows no evidence to support the trial court's finding that the execution of the will was procured by undue influence.

The judgment and order appealed from are reversed.

BURCH, P. J., and POLLEY, SHERWOOD, CAMPBELL, and BROWN, JJ., concur.